## MUSKOGEE ELECTRIC TRACTION CO. v. BRYANT.

No. 6069.   Opinion Filed February 29, 1916.

(155 Pac. 879.)

EVIDENCE—Trial—Refusal of Instruction Covered—Personal Injuries—Testimony of Physician. Record examined, and held: (1) Not error to admit certain testimony; (2) the instructions given fairly state the law applicable to the case.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Myrtle L. Bryant against the Muskogee Electric Traction Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*B. B. Blakeney* and *J. H. Maxey, Jr.,* for plaintiff in error.

*G. W. P. Brown* and *R. Emma Stewart,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the court below by Myrtle L. Bryant, as plaintiff, against the Muskogee Electric Traction Company, as defendant, to recover damages alleged to have been sustained by reason of personal injuries received by her as a passenger upon one of the defendant's street cars while in the act of alighting therefrom, occasioned by the unskillful, careless, and negligent starting of said car suddenly and violently, whereby she was forcibly thrown from the steps thereof upon the pavement. The cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $525.

A physician, J. B. Hill, testified on behalf of plaintiff that he had examined her on the day she was injured, and attended upon her for some six weeks thereafter, described the injuries from which she suffered, stating that the one most severe was to the ankle, the ligaments of which were ruptured, and gave his opinion as to the permanency of such injury. We quote from the record of his examination, as follows:

"Q. Taking a young woman of the age of 24 or 25 years who had received an injury of the ankle such as you have described here, what would be the effect on the ankle of a person, whether permanent or otherwise? A. Well, it would depend on the seriousness of that injury, just how it was treated. I would say that if it was a fleshy woman, and the ligaments were ruptured, and the tendons loosened up here it probably—most probably it would be permanent.

"By Mr. Maxey: We move to strike out the answer as irrelevant, incompetent, and immaterial, and not predicated upon any fact, and being too remote and speculative."

Dr. J. T. Teague, called on behalf of plaintiff, testified that her ankle had been sprained. Upon cross-examination by defendant he stated that no bones were broken, and then testified as follows:

"Q. Which, Doctor, in your opinion, is the more superior injury, the break of a bone at that point or the sprain or tear of a ligament?

"By Mr. Maxey: We object to that as irrelevant, incompetent, and immaterial.

"By the Court: Objection overruled.

"By Mr. Maxey: We except.

"A. I will have to make that somewhat on the same condition. If there is any compound fracture, or if there

is a piece of a bone broken, why, of course, the difficulty in the union of the bone will be greater, but as a rule a ruptured ligament is more difficult to adhere and repair than a broken bone."

The court instructed the jury as follows:·

"The burden of proof in this case is upon the plaintiff to establish all of the material allegations of her petition by a preponderance of the testimony. If you believe from the evidence in this case that the plaintiff was in the act of alighting from one of the defendant's street cars on Fon du lac street, and while she was in the act of alighting the employees of the defendant company caused the car to suddenly start forward, and that by reason of the sudden starting of the car she was thrown to the pavement, without any fault upon her own part, and injured, then and in that event your verdict should be for the plaintiff.

"If you believe that the evidence fails to show that the plaintiff was thrown to the street and injured by reason of the car of the defendant being suddenly started by the employees in charge thereof, or if you believe from the evidence in this case that the plaintiff, stepping from the car to the pavement, slipped and fell upon the pavement, and that her injury was occasioned thereby, then and in that event your verdict should be for the defendant.

"You are instructed, gentlemen, that the mere happening of the accident raises no presumption of negligence on the part of the defendant, but that the burden is on the plaintiff to prove by a fair preponderance of the evidence that the defendant was guilty of negligence as charged in the plaintiff's petition, and that such negligence was the proximate cause of the injuries complained of."

Defendant assigns as error the refusal of the court to strike the foregoing answer of the witness Hill, the admitting of the evidence of the witness Teague above

quoted, the giving of instruction No. 2, and the refusal to give certain instructions requested by defendant.

It is insisted that there was no evidence of the fact that the tendons in plaintiff's ankle were loosened or that she was a fleshy woman; that the answer of the witness Hill in this regard was not responsive to the question propounded, but was remote and speculative, and the opinion of the witness expressed therein was not predicated upon the facts or any hypothesis presented by the evidence, and therefore the failure of the court to exclude it constituted prejudicial error. With this contention we cannot agree. This witness testified from his personal examination and knowledge of the injuries received by plaintiff that the ligaments were ruptured. The plaintiff was present at the trial, and whether or not she was a fleshy woman was manifestly a fact to be determined by the jurors from their observation. The defendant having elicited from the witness Teague the fact that plaintiff had suffered no broken bones, we cannot say that his testimony as to the relative effect of the ruptured ligament sustained by her was incompetent. In our opinion, the instructions of the court fairly stated the law applicable, and there was no prejudicial error in the giving of instruction No. 2.

There was no error in the refusal of the court to instruct the jury as requested by the defendant.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.